UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Gustavo F.,

Petitioner,

v.

Todd Blanche, Attorney General; Markwayne Mullin, Secretary of Homeland Security; David Venturella, Director of U.S. Immigration and Customs Enforcement; Marcos Charles, Executive Associate Director for Enforcement and Removal Operations; U.S. Department of Homeland Security; U.S. Immigration and Customs Enforcement; David Easterwood, Field Office Director for Enforcement and Removal Operations; and Sheriff Joel Brott, Sherburne County Sheriff,

Respondents.

Civ. No. 26-3920 (PAM/SGE)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Petitioner Gustavo F.'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ("Pet." (Docket No. 1).) Petitioner challenges his immigration detention pending removal. For the following reasons, the Court denies the Petition.

**BACKGROUND**

Petitioner is a citizen of Mexico, who, on June 10, 2005, was admitted to the United States on a B2 nonimmigrant visa, which authorized him to remain in the United States until December 9, 2005. (Pet. (Docket No. 1) ¶ 2; Decl. of Benjamin Northwood (Docket

No. 6) ¶ 4.) Subsequently, Petitioner was approved for Deferred Action for Childhood Arrivals ("DACA") status, which was most recently renewed on April 25, 2025, and will expire on April 23, 2027. (Pet. ¶ 4; Northwood Decl. Ex. A.)

On July 28, 2026, St. Joseph police officers arrested Petitioner for Domestic Assault – Commits Act to Cause Fear of Immediate Harm or Death. [1] (Northwood Decl. ¶ 5.) The same day, Immigration and Customs Enforcement ("ICE") issued a Form I-200 Warrant of Arrest for Petitioner and lodged a detainer to the Stearns County Jail. (Id. ¶ 6.) Also on that day, an ICE officer served Petitioner with the I-200 Warrant, arrested Petitioner, and transported him to the Sherburne County Jail in Elk River, Minnesota. (Id. ¶ 7, Ex. C.) On July 29, 2026, the Department of Homeland Security ("DHS") transported Petitioner to Fort Snelling for administrative processing and issued a Notice to Appear, charging Petitioner as deportable under 8 U.S.C. § 237(a)(1)(B). (Id. ¶ 8, Ex. D.)

On August 18, 2026, Petitioner pled down the Domestic Violence charge and was convicted of Disorderly Conduct. (Id. ¶ 5; Pet. ¶ 7.) On August 28, 2026, an immigration judge held a custody redetermination hearing and denied Petitioner's bond request finding that Petitioner posed a risk of flight and danger to the community. (Pet. ¶ 11; Northwood Decl. ¶ 9.) Any appeal of the bond decision was due on September 28, 2026, and Petitioner has not informed the Court as to whether he has so appealed. (See Northwood Decl. Ex. E at 2.) Petitioner remains detained at the Sherburne County Jail. (Pet. ¶ 34.)

[1] The Petition inaccurately states that Petitioner was "detained . . . for disorderly conduct." (Pet. ¶ 7.)

**DISCUSSION**

Petitioner alleges that his arrest and detention violate immigration law and the Fifth Amendment right to due process. Respondents contend that the Court lacks jurisdiction to consider Petitioner's arguments regarding detention and that, regardless, his arrest and detention are lawful pursuant to § 1226(a).

Indeed, the Court lacks jurisdiction to review the immigration judge's decision to deny Petitioner's release on bond, because an immigration judge's bond decision "shall not be subject to review." 8 U.S.C. § 1226(e). "No court may set aside any action or decision" by an immigration judge pertaining to "the revocation or denial of bond or parole." Id. Thus, to the extent that Petitioner asks the Court to conduct an individualized assessment as to whether he should be released or reconsider the immigration court's determination to detain him, such a request is precisely the type of discretionary decision that the Court may not review. Petitioner received the process he is due under the Constitution.

Petitioner's additional Fifth Amendment claim fares no better. His DACA status does not affect this matter, nor did it terminate with his arrest by ICE. Petitioner provides no support for his implied argument that his DACA status prevents Respondents from taking any action against him. He may pursue his argument regarding his DACA status in his immigration removal proceedings.

Petitioner's claims regarding his arrest also fail. While Petitioner was held in criminal custody by the state, ICE conducted a routine records check and determined through "biometric confirmation of identity" that he had overstayed his B-2 visa. (Northwood Decl. Ex. A at 2.) That information provided probable cause for ICE to

determine that Petitioner is removable from the United States, prompting ICE to lodge the detainer on the jail. Thus, Respondents had statutory authority to arrest him under § 1226(a) and probable cause that he was removable from the United States. Probable cause is a standard entirely independent from whether a Notice to Appear has issued.

Further, the Court is not persuaded by Petitioner's argument that the I-200 Warrant was invalid because it issued before the Notice to Appear. Section 1226(a) allows Respondents to arrest an alien "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). Respondents indisputably had such a warrant.[2] Section 1226(a) says nothing about the timing of the issuance of the Notice to Appear. Section 236.1(b)(1) explains that an alien may be arrested pursuant to a Form I-200, Warrant of Arrest "In General. At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed." 8 C.F.R. § 236.1(b)(1). The Court finds that issuing and serving the Notice to Appear on Petitioner during administrative processing satisfies the regulation's requirements. (See Northwood Decl. Exs. C, D.) Here, the administrative processing took place merely one day after Petitioner's arrest.

Moreover, the Court has previously expressed its skepticism that release is the proper remedy even if an alien subject to removal proceedings could establish the unlawfulness of his or her arrest. See Luis N. v. Mullin, Civ. No. 26-3916, 2026

---

[2] In his reply memorandum, Petitioner for the first time includes facts regarding his conclusory allegation that the officers who issued and served the I-200 Warrant lacked authority to do so. Petitioner may not raise new arguments in his reply brief, so the Court did not consider this issue. Even if he had appropriately raised it in the petition, the argument would fail.

WL 2925186, at *3 (D. Minn. Sept. 29, 2026) (Magnuson, J.) (citing Singh v. Sommer, No. 7:26-CV-5013, 2026 WL 2042296, at *3 (D. Neb. July 15, 2026)); Arias v. Rogers, 676 F.2d 1139, 1143-44 (7th Cir. 1982) (explaining that "once deportation proceedings have begun the legality of the alien's detention can no longer be tested by way of a habeas corpus proceeding."). It is not even clear that release would amount to an actual remedy, as absolutely nothing would prevent the Government from issuing another Form I-200 Warrant and apprehending Petitioner pursuant to that updated warrant.

Petitioner is not entitled to relief, and the Court denies his petition.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1) is **DENIED**; and
2. This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 17, 2026

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge